In the Matter of NICK I. GORDON (Also Known as I. NICHOLAS GORDON, NICK ISIDORE GORDON and I. NICK GORDON), an Attorney, Respondent.

First Department, February 26, 1937.

*Einar Chrystie*, for the petitioner.

No one appearing for the respondent.

MARTIN, P. J. The respondent has been found guilty of professional misconduct by the official referee who heard the testimony in this proceeding.

The evidence disclosed that in May, 1932, respondent was retained by Joseph Ernano to collect fifteen promissory notes of $250 each, made by one Sol A. Herzog. He collected the sum of $3,450, of which he remitted to his client only $825, converting the balance to his own use. Mr. Ernano in 1932 instituted a proceeding in the Supreme Court, New York county, to compel the respondent to turn over the notes and papers in his possession. The matter was sent to an official referee for hearings, at which the respondent testified that no relation of attorney and client existed between him and Mr. Ernano but that a third person, named Coons had retained him to collect the notes under a fifty per cent contingency agreement. Mr. Coons, among other witnesses, testified in support of the complainant, Mr. Ernano, and denied that he had any interest in the notes or that he had retained the respondent. The referee reported that respondent's defense was false and that respondent had wrongfully withheld from his client the sum of $2,625. The report was confirmed by order of the Supreme Court entered August 4, 1933, which directed the respondent to deliver to Mr. Ernano's attorney the sum of $2,625 in cash and a note for $250 remaining in his possession. He failed to comply with said order and an order was subsequently obtained punishing him for contempt of court. Neither said note nor any part of the money was turned over.

On or about November 23, 1932, one George J. Bascom intrusted the respondent with $500 and ten promissory notes, to be delivered to one John W. Collins in settlement of a claim of the latter against Mr. Bascom. The respondent failed to deliver any part of said money or the aforesaid notes to Mr. Collins or to return the same to Mr. Bascom, notwithstanding due demand therefor. Thereafter a proceeding was instituted in the Supreme Court to compel him to return the same, resulting in the entry of an order on June 20, 1933, directing him so to do. Notwithstanding the service of a copy of the said order upon him, he failed to comply therewith. A motion to punish him for contempt was subsequently granted. The respondent has returned no part of said money or the notes, but he has converted the same and disregarded the order of the court.

The respondent on or about March 16, 1927, collected on behalf

of Mrs. Elizabeth C. Hudson, on account of a judgment obtained against one Peters, the sum of $1,267.20, the entire amount of which he converted to his own use.

Mrs. Hudson retained the respondent to institute an action on her behalf against the Ungerleider Finance Corporation, of the capital stock of which she owned 1,000 shares. The respondent represented to Mrs. Hudson that he had commenced an action on behalf of herself and all other stockholders against said corporation and others. He further falsely represented to her that all other stockholders were depositing with him three dollars for each share of stock owned by them to cover expenses in connection with the litigation and that it would be necessary for her to do likewise. No pool had in fact been formed and no other stockholder had joined in the prosecution of the action. In reliance upon said representations Mrs. Hudson paid the respondent $3,000 on March 21, 1930, which he converted to his own use.

In September, 1930, Mrs. Hudson instituted a proceeding in the Supreme Court, New York county, to compel the respondent to pay over the said sum of $3,000, as well as her share of the collection in the aforesaid Peters case, and also 1,000 shares of class A stock of the Yarns Corporation of America which she had deposited with the respondent on or about May 20, 1929, upon his representation that it was necessary to have said stock in his possession in connection with certain claims that he was about to make against said corporation on her behalf. The matter was referred to the Hon. John M. Tierney, official referee. After hearing the testimony of Mrs. Hudson and her witnesses and that of the respondent and his witnesses, the referee reported that the respondent should be directed to turn over to Mrs. Hudson $1,000 of the amount collected in the Peters case, 500 shares of the stock of the Yarns Corporation of America (it appearing that 500 shares thereof had been turned over to Mrs. Hudson's attorney after the institution of her proceeding) and the sum of $3,000 obtained as above set forth. The referee's report was confirmed by order entered October 31, 1932, whereby the respondent was directed to pay Mrs. Hudson forthwith the sum of $2,000 and a further sum of $2,000, in three installments of $666.66 each, the first to be made on November 29, 1932, and the last on January 29, 1933. The respondent made the first payment of $2,000 but failed to pay the remaining installments until after a motion had been made to punish him for contempt.

The respondent in 1933 represented one Muriel Y. Hutchins in an action theretofore brought by her for separation from her husband, in which alimony in the sum of twenty-five dollars a week

had been allowed. After he was retained, checks for the weekly alimony were sent to him, made out to the order of Mrs. Hutchins. Without the knowledge and consent of the latter, he indorsed her name upon checks dated May 12, 1933, June 5, 1933, and June 9, 1933, each for twenty-five dollars, cashed the same and converted the entire proceeds to his own use. It was not until after he had been advised that the matter was under investigation by the petitioner's grievance committee that he paid Mrs. Hutchins.

An action on behalf of one Katherine E. Brown was commcenced by the respondent as her attorney on or about April 29, 1930. On May 8, 1930, it was stipulated that the defendant would pay the respondent $350 in lieu of counsel fee, $175 upon the signing of the stipulation and $175 within three days after service of a copy of the final decree, and would pay the plaintiff in lieu of alimony *pendente lite* the sum of $500. A check for $675 was given to the respondent pursuant to the stipulation. He failed and refused to pay any part of said sum of $500 to his client until after an order had been affirmed on appeal to the Appellate Division directing him to pay to Mrs. Brown forthwith the sum of $500.

One Guiseppe DiPrima, on or about May 12, 1925, intrusted the sum of $3,000 to the respondent for the purpose of loaning the same to a responsible party at interest, the return of which amount at the expiration of six months the respondent personally guaranteed. The respondent did not invest the money but converted the entire amount to his own use. He failed to pay interest or any part of the principal, except that after several demands had been made upon him he repaid the sum of $500 in or about the month of December, 1925. Sometime thereafter Mr. DiPrima died and an executor instituted an action in the Supreme Court, Monroe county, against the respondent for the recovery of the sum of $2,500 and interest. In the complaint it was alleged that the respondent had converted the sum of $3,000 to his own use. When the case came on for trial he failed to appear and an inquest was taken. On March 21, 1929, judgment against him was duly entered for the sum of $3,107.04. Thereafter he made some payments on account, but at the time the matter was investigated by the petitioner's committee on grievances, there was still unpaid the sum of $1,200.

Since this motion was made Gordon has been found guilty by a jury in the United States District Court of impersonating an army officer for the purpose of obtaining hotel credit. He was sentenced by Judge ROBERT P. PATTERSON to three months in the Federal House of Detention.

No comment upon the aforesaid facts is necessary to demonstrate the inherent dishonesty of the respondent and his unfitness to remain a member of an honorable profession.

The respondent should be disbarred.

O'MALLEY, TOWNLEY, UNTERMYER and COHN, JJ., concur.

Respondent disbarred.